FILED

2007 SEP 28  PM 4: 03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

ANNA Y. PARK, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

07 CV 1911    J (RBB)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., d/b/a KAISER PERMANENTE; and KP ONCALL, LLC, <br><br> Defendant(s). | CASE NO.: <br><br> **COMPLAINT – CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION** <br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the American's with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Warren-Taylor and the class of similarly situated disabled employees who were adversely affected by such practices. The Commission alleges that Kaiser Foundation Health Plan, Inc., d/b/a Kaiser Permanente, and KP OnCall, LLC,

-1-

CASE NO. _____

1  denied employment to Mr. Warren-Taylor because of his disability, HIV, after it
2  learned that Mr. Warren-Taylor was unable to receive a required immunization,
3  failed to accommodate Mr. Warren-Taylor's disability by providing a waiver of its
4  immunization policy, and unlawfully subjected him to a qualification standard that
5  screened him out because of disability.  Further, the Commission alleges that
6  Kaiser Foundation Health Plan, Inc., d/b/a Kaiser Permanente, and KP OnCall,
7  LLC, subjected members of the class of similarly situated disabled applicants and
8  employees to a qualification standard that amounted to a pattern or practice of
9  screening them out on the basis of disability.

10                              **JURISDICTION AND VENUE**

11         1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
12  1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to
13  Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.
14  § 12117(a), which incorporates by reference Section 706(f)(1) and (3) and 707 of
15  Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1)
16  and (3), and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991,
17  42 U.S.C. § 1981a.

18         2.     The employment practices alleged to be unlawful were and are now
19  being committed within the jurisdiction of the United States District Court for the
20  Southern District of California.

21                                     **PARTIES**

22         3.     Plaintiff, the Equal Employment Opportunity Commission (the
23  "Commission"), is the agency of the United States of America charged with the
24  administration, interpretation and enforcement of Title I of the ADA and is
25  expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.
26  § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), and 707 of
27  Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6.
28  ///

-2-

1        4.     At all relevant times, Defendant Kaiser Foundation Health Plan, Inc.,

2    d/b/a Kaiser Permanente (the "Employer"), has continuously been a California

3    nonprofit corporation doing business in the State of California and the City of San

4    Diego, and has continuously had at least 15 employees.

5        5.     At all relevant times, Defendant KP OnCall, LLC (the "Employer"),

6    has continuously been a California limited liability company doing business in the

7    State of California and the City of San Diego, and has continuously had at least 15

8    employees.

9        6.     At all relevant times, Defendant Employers have continuously been

10    employers engaged in an industry affecting commerce under Section 101(5) of the

11    ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §

12    12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42

13    U.S.C. §§ 2000e(g) and (h).

14        7.     At all relevant times, Defendant Employers have been covered entities

15    under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

16                             **STATEMENT OF CLAIMS**

17        8.     More than thirty days prior to the institution of this lawsuit, David

18    Warren-Taylor filed a charge with the Commission alleging violations of Title I of

19    the ADA by Defendant Employers.  All conditions precedent to the institution of

20    this lawsuit have been fulfilled.

21        9.     On or about April 6, 2005, Defendant Employers engaged in an

22    unlawful employment practice at their San Diego facility in violation of Sections

23    102(b)(5)(A), (5)(B), and (6) of Title I of the ADA, 42 U.S.C. §§ 12112(b)(5)(A),

24    (5)(B), and (6).  On or about that date, Defendant Employers refused to hire Mr.

25    Warren-Taylor because of his disability (HIV-positive status), failed to

26    accommodate Mr. Warren-Taylor's disability by providing a waiver of its

27    immunization policy, and unlawfully subjected him to a qualification standard that

28    screened him out because of disability.

CASE NO. _____

1    10.    Since at least June 1, 2003, Defendant Employers have engaged in a

2    pattern or practice of unlawful employment practices at its Southern California

3    facilities in violation of Section 102(6) of Title I of the ADA, 42 U.S.C. §

4    12112(6).  Since at least that date, Defendant Employers unlawfully subjected the

5    class of similarly situated disabled applicants and employees to a qualification

6    standard that screened them out because of disability.

7    11.    The effect of the practices complained of in paragraphs 9 and 10

8    above has been to deprive Mr. Warren-Taylor and the class of similarly situated

9    disabled applicants and employees of equal employment opportunities, and

10   otherwise adversely affect their status as employees or applicants for employment,

11   because of their disabilities.

12   12.    The unlawful employment practices complained of in paragraphs 9,

13   10 and 11 above were and are intentional.

14   13.    The unlawful employment practices complained of in paragraphs 9,

15   10, 11 and 12 above were and are done with malice or with reckless indifference to

16   the federally protected rights of Mr. Warren-Taylor and the class of similarly

17   situated disabled employees.

18                              **PRAYER FOR RELIEF**

19   Wherefore, the Commission respectfully requests that this Court:

20   A.    Grant a permanent injunction enjoining Defendant Employer Kaiser

21   Foundation Health Plan, Inc., d/b/a Kaiser Permanente, its officers, successors,

22   assigns and all persons in active concert or participation with it, from engaging in

23   failing to hire on the basis of disability, and any other employment practice which

24   discriminates on the basis of disability.

25   B.    Grant a permanent injunction enjoining Defendant Employer KP

26   OnCall, LLC, its officers, successors, assigns and all persons in active concert or

27   participation with it, from engaging in failing to hire on the basis of disability, and

28   any other employment practice which discriminates on the basis of disability.

-4-

CASE NO. _____

1      C.      Order Defendant Employer Kaiser Foundation Health Plan, Inc., d/b/a

2   Kaiser Permanente, to institute and carry out policies, practices and programs

3   which provide equal employment opportunities for qualified individuals with

4   disabilities, and which eradicate the effects of its past and present unlawful

5   employment practices.

6      D.      Order Defendant Employer KP OnCall, LLC, to institute and carry out

7   policies, practices and programs which provide equal employment opportunities

8   for qualified individuals with disabilities, and which eradicate the effects of its past

9   and present unlawful employment practices.

10     E.      Order Defendant Employer Kaiser Foundation Health Plan, Inc., d/b/a

11  Kaiser Permanente, to make whole Mr. Warren-Taylor and the class of similarly

12  situated disabled applicants and employees, by providing appropriate backpay with

13  prejudgment interest, in amounts to be determined at trial, and other affirmative

14  relief necessary to eradicate the effects of its unlawful employment practices,

15  including but not limited to rightful-place hiring, promotion, or reinstatement of

16  Mr. Warren-Taylor and class members.

17     F.      Order Defendant Employer KP OnCall, LLC, to make whole Mr.

18  Warren-Taylor and the class of similarly situated disabled applicants and

19  employees, by providing appropriate backpay with prejudgment interest, in

20  amounts to be determined at trial, and other affirmative relief necessary to

21  eradicate the effects of its unlawful employment practices, including but not

22  limited to rightful-place hiring, promotion, or reinstatement of Mr. Warren-Taylor

23  and class members.

24     G.      Order Defendant Employer Kaiser Foundation Health Plan, Inc.,

25  d/b/a Kaiser Permanente, to make whole Mr. Warren-Taylor and the class of

26  similarly situated disabled applicants and employees by providing compensation

27  for past and future pecuniary losses resulting from the unlawful employment

28  practices described in paragraphs 9, 10, 11, 12 and 13 above, including relocation

CASE NO. _____

1    expenses, job search expenses, and medical expenses not covered by the
2    Employer's employee benefit plan, in amounts to be determined at trial.
3        H.    Order Defendant Employer KP OnCall, LLC, to make whole Mr.
4    Warren-Taylor and the class of similarly situated disabled applicants and
5    employees by providing compensation for past and future pecuniary losses
6    resulting from the unlawful employment practices described in paragraphs 9, 10,
7    11, 12 and 13 above, including relocation expenses, job search expenses, and
8    medical expenses not covered by the Employer's employee benefit plan, in
9    amounts to be determined at trial.
10       I.    Order Defendant Employer Kaiser Foundation Health Plan, Inc., d/b/a
11   Kaiser Permanente, to make whole Mr. Warren-Taylor and the class of similarly
12   situated disabled applicants and employees by providing compensation for past and
13   future nonpecuniary losses resulting from the unlawful practices complained of in
14   paragraphs 9, 10, 11, 12 and 13 above, including emotional pain, suffering,
15   inconvenience, loss of enjoyment of life, and humiliation, in amounts to be
16   determined at trial.
17       J.    Order Defendant Employer KP OnCall, LLC, to make whole Mr.
18   Warren-Taylor and the class of similarly situated disabled applicants and
19   employees by providing compensation for past and future nonpecuniary losses
20   resulting from the unlawful practices complained of in paragraphs 9, 10, 11, 12 and
21   13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of
22   life, and humiliation, in amounts to be determined at trial.
23       K.    Order Defendant Employer Kaiser Foundation Health Plan, Inc., d/b/a
24   Kaiser Permanente, to pay Mr. Warren-Taylor and the class of similarly situated
25   disabled applicants and employees punitive damages for its malicious and reckless
26   conduct, as described in paragraphs 9, 10, 11, 12 and 13 above, in amounts to be
27   determined at trial.
28   ///

CASE NO. _____

1    L.    Order Defendant Employer KP OnCall, LLC, to pay Mr. Warren-
2    Taylor and the class of similarly situated disabled applicants and employees
3    punitive damages for its malicious and reckless conduct, as described in
4    paragraphs 9, 10, 11, 12 and 13 above, in amounts to be determined at trial.
5    M.    Grant such further relief as the Court deems necessary and proper in
6    the public interest.
7    N.    Award the Commission its costs of this action
8    ///
9    ///
10    ///
11    ///
12    ///
13    ///
14    ///
15    ///
16    ///
17    ///
18    ///
19    ///
20    ///
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

-7-

CASE NO. _____

1

## JURY TRIAL DEMAND

2        The Commission requests a jury trial on all questions of fact raised by its

3    complaint.

4    Dated: September 28, 2007          Respectfully Submitted

5                                       RONALD COOPER,

6                                       General Counsel

7                                       JAMES LEE,

8                                       Deputy General Counsel

9                                       GWENDOLYN YOUNG REAMS,

10                                      Associate General Counsel

11                                      U.S. EQUAL EMPLOYMENT

12                                      OPPORTUNITY COMMISSION

13                                      1801 "L" Street, N.W.
                                   Washington, DC 20507

14

15                                      By: _____ (via PDF file)

16                                      ANNA Y. PARK
                                   Regional Attorney

17                                      U.S. EQUAL EMPLOYMENT
                                   OPPORTUNITY COMMISSION

18                                      Los Angeles District Office

19                                      255 East Temple Street, 4th Floor
                                   Los Angeles, California 90012

20                                      (213) 894-1080

21

22

23

24

25

26

27

28

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2007 SEP 28  PM 4:03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
KAISER FOUNDATION HEALTH PLAN, INC., d/b/a KAISER PERMANENTE; and KP ONCALL, LLC,

(b) County of Residence of First Listed Plaintiff  Los Angeles County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anna Y. Park, U.S. EEOC 255 East Temple Street, Fourth Floor, Los Angeles, CA 90012, Telephone: (213) 894 1083

Attorneys (If Known)
07 CV 1911  J (RBB)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12117(a), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6, 42 U.S.C. § 1981a.
Brief description of cause:
to correct unlawful employment practices on the basis of disability and to provide appropriate relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  9/28/07
SIGNATURE OF ATTORNEY OF RECORD  (Via PDF File)

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:     U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.